## INJURY TO MOTORMAN WHILE LOADING A HEAVY WEIGHT ON HIS CAR.

Circuit Court of Hamilton County.

THE CINCINNATI, GEORGETOWN & PORTSMOUTH RAILROAD COMPANY v. GEORGE W. MARTIN.

Decided, December, 1909.

*Master and Servant—Negligence—Pleading and Evidence—Making an Employe the Medium of Verbal Orders to Another Employe—Does Not Make Him a Superior—Grounds for an Instructed Verdict.*

The fact that the president of the defendant traction company transmitted a verbal order through a station agent to the plaintiff motorman to assist in loading a certain heavy article upon his car did not, under the pleadings and evidence in this case, give the station agent authority and control over the motorman but they remained fellow-servants, and the company did not become liable to the motorman for an injury which he sustained through the negligence of the station agent while the order was being carried out and the station agent was assisting as a volunteer.

*Frank Dinsmore,* for plaintiff in error.
*S. O. Bayless* and *John D. DeWitt,* contra.

The defendant in error, a motorman on the C., G. & P. line, sustained injuries for which he was awarded a judgment below of $1,000.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

Negligence is charged in the petition as follows:

"A few minutes before the schedule time for the leaving of said station of the car of which the plaintiff was in charge as motorman the agent of said defendant in charge of said station and having in charge the business of said company, ordered and directed plaintiff to assist in loading upon his said passenger car a heavy iron or steel bar or axle about four or five inches in diameter and seven or eight feet long and weighing five hundred pounds; that the plaintiff objected and protested against the loading of said iron bar upon the said passenger car, and de-

manded to know upon whose orders they were required to load said iron bar upon said car, and was informed by the said agent that Mr. Comstock, the president of said company, -had ordered said agent to have the said iron bar placed upon said car by the motorman and other employes of said car; that in pursuance of the order and directions of the president of said railroad company, the plaintiff left his car for the purpose of assisting the said station agent and other employes of defendant to load said iron bar and freight upon said car, as directed by the president of the defendant company; that said bar of iron and freight was at the time loaded upon a two wheel truck on the platform or grounds of said station, near the said car upon which the same was intended to be loaded; that said station agent, at the time had hold of the handles of said truck waiting the assistance of the plaintiff; that while this plaintiff was stooping to take hold of said freight or bar of iron, to place it upon said car, the said agent negligently and carelessly lifted the handles of said truck, or negligently permitted the said truck to be tipped forward over and against this plaintiff," etc.

The first defense of the answer, excepting certain formal admissions, is a general denial. The second defense is that the station agent was a fellow-servant of plaintiff. By amendment to the answer defendant pleads contributory negligence.

· The plaintiff by reply avers—

"That when plaintiff's car was at said station, or within the jurisdiction of said station, the said plaintiff as such motorman was subject to the orders, control and direction of said station agent and his assistant and especially so when the said station agent or his assistant was endeavoring to have carried out and executed special and specific orders of the superior and executive officers of the defendant company. * * * Plaintiff further denies that it was his duty to assist the agent, or the assistant agent, in loading the particular shafting or axle at the time referred to, and avers that what he then did was done under the express orders of said agent, or assistant, which orders emanated from one of the chief or executive officers of defendant."

The pleader in stating the cause of action lays stress upon the imperative order of the president to the plaintiff to undertake apparently dangerous work, without furnishing adequate protection; but there was nothing inherently dangerous in the

iron axle except its weight; no defect in the truck, and no directions given as to the manner of doing the work.

The chief question in the case is whether the station agent was vested with authority and control over the plaintiff.

It will be observed from the petition that the plaintiff not only denied, but resisted, the authority of the station agent in this particular matter, until he was told that the order came from the president of the company, and that he attempted to do the work because of that order.

If the general authority and control of the station agent over the plaintiff, as shown by the rules and practice of the company, did not extend to this transaction, then there could be no other source except the special order of the president. This order was addressed directly to the motorman and other employes of the car, although delivered by the station agent. It contained no directions to such agent to take part in the work or to suggest the means of doing it.

The natural inference is that the president assumed the employes on the car could safely load the iron axle, especially as they were men of mature years, while the station agent was a boy of only seventeen years. It may be urged that because the latter exercised limited authority over the plaintiff when at the station, the power to control him in the execution of the order would be implied. That might be true if he had been directed to take part in the work, but the order on its face shows that he was not expected to assist, and the plaintiff avers that he was endeavoring to carry out the order of the president, whose authority he acknowledged, while at the same time denying the power of the agent to control him. Nor does the fact that the agent voluntarily assisted in the work add to this authority, which must be derived from the company or its executive officers.

There is no substantial variance between the allegations and proof of this issue as set forth in the petition and reply, and we are of opinion that neither the pleadings nor the evidence show that the station agent was placed in authority and control over the plaintiff; but on the contrary that they were fellow-

58    CIRCUIT COURT REPORTS—NEW SERIES.

servants. The court therefore erred in overruling the motion of the defendant made at the conclusion of all the evidence to instruct the jury to return a verdict for defendant.

Judgment reversed and judgment for plaintiff in error.